IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **CHICORY COURT MIDLAND, LP,** *Plaintiff,* | § § § § § § § § § | |
| v. | | MO:23-CV-00027-DC |
| **COLONY INSURANCE COMPANY,** *Defendant.* | | |

## ORDER

Before the Court is the report and recommendation from United States Magistrate Judge Ronald C. Griffin concerning Colony Insurance Company's Motion to Compel Arbitration and to Dismiss or, in the Alternative, Stay,[1] and Chicory Court Midland, LP's Cross Motion to Compel Arbitration and to Stay the Instant Action until Final Resolution of Arbitration.[2] Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of the Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Griffin issues his R&R on August 11, 2023. No party filed objections to the R&R as of the date of this order.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the R&R and, in doing so, secure de novo review by the district

---

[1] ECF No. 7.
[2] ECF No. 13.

court. When no objections are timely filed, a district court can review the magistrate's R&R for clear error.[3]

Because neither party filed timely objections, the Court reviews the R&R for clear error. Having done so, and finding no clear error, the Court accepts and adopts the R&R as its own order.

Accordingly, the Court **ORDERS** that the R&R of the United States Magistrate Judge[4] is **ADOPTED**. Colony Insurance Company's Motion to Compel Arbitration is therefore **GRANTED**[5] and the Court **ORDERS** that the matter be **ADMINISTRATIVELY CLOSED** pending conclusion of the arbitration proceedings.

It is so **ORDERED**.

SIGNED this 22nd day of September, 2023.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[3] *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").
[4] ECF No. 16.
[5] ECF No. 7.